# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SUZANNE MARIE MCMILLAN,<br>    Plaintiff,<br><br>v.<br><br>NELSON A. RODRIGUEZ, et al.,<br>    Defendant. | CRIM. NO. 19-1639 (CCC) |

## OPINION AND ORDER

On July 3, 2019, Plaintiff Suzanne M. McMillan, a.k.a. Suzanne M. Rodríguez ("Plaintiff"), filed a diversity action against her ex-husband, Nelson A. Rodríguez Negrón ("Rodríguez Negrón"), and his supposed paramour, Zoraida Buxó Santiago ("Buxó Santiago), alleging three causes of action, including two claims under "Puerto Rico's General Tort Statute" for engaging in 1) a "pattern of emotional intimidation and psychological violence," and 2) threats and surveillance that denied Plaintiff access to her property, and a third claim alleging that Buxó Santiago willfully interfered with Plaintiff's marital contract, thus causing alienation of affections between her and her husband (the "Complaint"). Docket No. 1.

On September 16, 2019, Buxó Santiago filed a Motion to Dismiss the Complaint, in part, because the Puerto Rico Supreme Court held more than 25 years ago that a party who engages in adulterous contact with a married person may not be sued for damages to the marriage. Docket No. 7. *Romero Soto v. Morales Laboy,* 134 D.P.R. 734 (1993). On October 8, 2019, after providing the necessary notification to Plaintiff's counsel under the 21-day Safe Harbor provision of Rule 11(c)(2) of the Federal Rules of Civil Procedure, Buxó Santiago filed a

Case 3:19-cv-01639-CCC-MDM   Document 47   Filed 07/24/20   Page 2 of 17

*McMillan v.* Rodríguez Negrón                                                                    2
Crim. No. 19-1639 (CCC)

Motion for Sanctions. Docket No. 12. On October 23, 2019, Plaintiff filed an Omnibus Response in Opposition to the Motion to Dismiss (Docket No. 7) and the Motion for Sanctions (Docket No. 12). Docket No. 16.

On January 23, 2020, the Court granted the Motion to Dismiss as to all causes of action against Buxó Santiago. On April 22, 2020, the Court clarified its Order granting the Motion to Dismiss by stating that the cause of action alleging tortious interference with a marital contract and alienation of affections is dismissed *with* prejudice, while all remaining causes of action under Puerto Rico's General Tort Statute are dismissed *without* prejudice. That same day, the district judge referred the Motion for Sanctions to the undersigned magistrate judge for "a hearing, if necessary, and disposition." Docket No. 29.

For the reasons espoused more thoroughly below, the Motion for Sanctions under Rule 11 is **GRANTED**.

**I.    Rule 11 Sanctions Generally**

"Rule 11 permits a court to impose sanctions on a party or lawyer for advocating a frivolous position, pursuing an unfounded claim, or filing a lawsuit for some improper purpose." *Montoyo-Rivera v. Pall Life Sciences PR, LLC,* 245 F. Supp. 3d 337, 346-47 (2017) (quoting *CQ Int'l Co. v. Rochem Int'l, Inc., USA*, 659 F.3d 53, 60 (1st Cir. 2011). Rule 11(b) "allows sanctions only for misconduct in presenting 'a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it.'" *Balerna v. Gilberti*, 708 F.3d 319, 323 (1st Cir. 2013). "Pertinently, Rule 11(b) provides" that by "presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of [his or her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . , (1) it is not being presented for any improper purpose such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

Case 3:19-cv-01639-CCC-MDM   Document 47   Filed 07/24/20   Page 3 of 17

*McMillan v.* Rodríguez Negrón  3
Crim. No. 19-1639 (CCC)

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. . ." *McCarty v. Verizon New England, Inc.*, 674 F.3d 119, 123 (1st Cir. 2012) (quoting Fed. R. Civ. P. 11(b)).

Rule 11 is not a strict liability provision, therefore, before imposing sanctions, "a showing of at least culpable carelessness is required." *Citibank Global Mkts., Inc. v. Santana*, 573 F.3d 17, 32 (1st Cir. 2009) (alteration omitted) (citations and internal quotation marks omitted). Furthermore, sanctions pursuant to Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). "The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed.R.Civ.P. 11(c)(2).

Ultimately, the "imposition of sanctions is a judgment call." *Kale v. Combined Ins. Co.*, 861 F.2d 746, 758 (1st Cir. 1988). In making such judgment call, the Court must make a difficult assessment between the role of an attorney as an officer of the court and his personal duty to his client to represent her in a zealous and rigorous manner. *Bermudez v. 1 World Productions, Inc.*, 209 F.R.D. 287, 291 (2002). In this endeavor, "[d]istinguishing zeal from frivolity is not an easy task." *Id.* (quoting *Cruz v. Savage*, 691 F. Supp. 549, 556 (D.P.R. 1988). Moreover, the Court must be careful not to impose sanctions that would chill an

Case 3:19-cv-01639-CCC-MDM   Document 47   Filed 07/24/20   Page 4 of 17

*McMillan v.* Rodríguez Negrón                                                                                                  4
Crim. No. 19-1639 (CCC)

attorney's enthusiasm or creativity in pursuing factual or legal theories. *Bermudez,* at 291 (citing *Cruz*, 896 F.2d at 631).

Motions under this Rule "are governed by carefully wrought procedures designed to 'stress the seriousness of a motion for sanctions.'" *Lamboy–Ortiz v. Ortiz–Vélez*, 630 F.3d 228, 244 (1st Cir. 2010) (citing Fed. R. Civ. P. 11 advisory committee's note). Such a motion "must be made 'separately from any other motion,' Fed. R. Civ. P. 11(c)(2), and 'not simply . . . as an additional prayer for relief contained in another motion.'" *Lamboy–Ortiz*, 630 F.3d at 244 (citing Fed. R. Civ. P. 11(c)(2) advisory committee's note). In addition, the "moving party must [ ] serve the Rule 11 motion on opposing counsel at least twenty-one days prior to filing with the court so as to provide the adversary time to withdraw the challenged paper, claim, contention, or defense." *Lamboy–Ortiz*, 630 F.3d at 244.

In this case, Buxó Santiago "complied with the abecedarian requirements of seeking sanctions under Rule 11." *Montoyo-Rivera* at 347. First, Buxó Santiago sought Rule 11 sanctions in a motion entirely devoted to that purpose. Docket No. 12-1. *See also*, Fed. R. Civ. P. 11(c)(2). Second, she sought to impose sanctions only against the Plaintiff and her attorney, Nelson Córdova Morales, as he is the one who signed the Complaint. *See Balerna*, 708 F.3d at 323 (rule "allows sanctions" for misconduct in presenting a "pleading"). Third, Buxó Santiago gave Plaintiff an adequate amount of time to correct the offending conduct before filing the Rule 11 motion for sanctions. *See Lamboy–Ortiz*, 630 F.3d at 244. More specifically, on August 14, 2019, Buxó Santiago sent a letter to the Plaintiff by certified mail, return receipt requested, which complied with the dictates of Rule 5 of the Federal Rules of Civil Procedure, asking Plaintiff to "withdraw the pleading filed against [her] . . . with prejudice." Docket 12-1 at 1.

Case 3:19-cv-01639-CCC-MDM   Document 47   Filed 07/24/20   Page 5 of 17

*McMillan v.* Rodríguez Negrón                                                                                              5
Crim. No. 19-1639 (CCC)

She further warned that if the appropriate notice of dismissal was not filed within the 21-day Safe Harbor period, she would present a motion for sanctions. *Id.*

Then, on October 8, 2019, some 55 days after requesting the withdrawal of the objectionable pleading, Buxó Santiago filed her Motion for Sanctions. Docket No. 12.

## II.    Ruling without an Evidentiary Hearing

As a preliminary matter, the Court notes that the Plaintiff did not request a hearing on this matter (*see* Docket No. 16), while Buxó Santiago requested a hearing only if the Court deemed it necessary and appropriate. Docket 12 at 19. Both parties have nevertheless fully briefed the issues presented herein and the Court understands the pleadings are sufficient for adjudication of the pending motion without the need for an evidentiary hearing. *Montoyo-Rivera*, at 347. *See also*, *Lamboy–Ortiz*, 630 F.3d at 246 (where "counsel had the opportunity to brief the sanctions issue twice," the First Circuit held that "the district court did not abuse its discretion in imposing sanctions without affording counsel a hearing"); *Silverman v. Mut. Trust Life Ins. Co.* (In re Big Rapids Mall Assocs.), 98 F.3d 926, 929 (6th Cir. 1996) ("A hearing is not necessarily required [before the imposition of sanctions] where the court has full knowledge of the facts and is familiar with the conduct of the attorneys."); *Muthig v. Brant Point Nantucket, Inc.*, 838 F.2d 600, 606–07 (1st Cir. 1988) (briefing process provided adequate opportunity to present evidence and argument on Rule 11 motion).

Case 3:19-cv-01639-CCC-MDM   Document 47   Filed 07/24/20   Page 6 of 17

*McMillan v.* Rodríguez Negrón                                                                                       6
Crim. No. 19-1639 (CCC)

### III. The Complaint

In 1987, the Plaintiff married co-defendant Nelson Rodríguez Negrón in Puerto Rico, and together they raised three children, all of whom are now adults living on their own.

In 2017, after 30 years of marriage, Plaintiff and Rodríguez Negrón began attending couple's therapy. Later that same year, however, Rodríguez Negrón decided to discontinue therapy and expressed a desire to seek a divorce. A few months into 2018, Plaintiff discovered that defendant Rodríguez Negrón had been having an adulterous affair with defendant Buxó Santiago. To be precise, on May 10, 2018, Plaintiff found Rodríguez Negrón with Buxó Santiago in the marital home. It was then that she first learned that her husband had been having an extramarital affair.

Within a week of being discovered with Buxó Santiago, Rodríguez Negrón filed for divorce in the Puerto Rico Court of First Instance (the "Trial Court") alleging "irreconcilable differences." Shortly thereafter, Plaintiff filed a counterclaim alleging "adultery." In July 2018, the court entered Judgment decreeing the dissolution of their marriage on the grounds of "irreconcilable differences," not "adultery." The Plaintiff appealed the Judgment of the Trial Court to the Puerto Rico Court of Appeals based on, among other things, the fact that the Trial Court refused to hear proof regarding her allegations of adultery in the context of the divorce proceeding. *See* Docket No. 12 at ¶¶9-11. On December 21, 2018, the Court of Appeals affirmed the decision of the Trial Court in declaring the divorce based on "irreconcilable differences" rather than on "adultery." Notwithstanding that, the Court of Appeals found error in the Trial Court's denial of certain financial remedies sought by the Plaintiff and remanded the case to determine whether any provisional remedies requested by the Plaintiff were appropriate. *Id.*

Case 3:19-cv-01639-CCC-MDM   Document 47   Filed 07/24/20   Page 7 of 17

*McMillan v.* Rodríguez Negrón                                                                7
Crim. No. 19-1639 (CCC)

at ¶11. Plaintiff then filed a petition for *certiorari* to the Puerto Rico Supreme Court. When that petition was denied, Plaintiff filed two motions for reconsideration, which the Supreme Court also denied.

Plaintiff further alleged that, since May 10, 2018, defendant Rodríguez Negrón, "with the aid and encouragement of Buxó Santiago," submitted the Plaintiff to a "pattern of emotional intimidation and psychological violence." Docket 1 at ¶3.5. She also claimed that "[b]oth defendants . . . have, in accord and concord, caused the Plaintiff despair, weakened her self-esteem, and even scorned her personal worth with their successive acts, which include a cruel and persistent bullying operation against her ever since her discovery, even after her relocation to the State of Wisconsin." *Id.* And then finally, she alleged that [b]oth defendants, "in furtherance of their ongoing adulterous affair, have taken away or arbitrarily limited Plaintiff's access and handling of her property, estimated to be in excess of over twenty million dollars (>$20,000,000.00), and undertaken a constant vigilance and repressive operation of her in Wisconsin, which includes unwelcomed and threatening communications, visits, scrutiny, and surveillance." *Id.* at ¶3.6. No further facts were alleged in the Complaint.

The Plaintiff proceeded to allege two causes of action under Puerto Rico's General Tort Statute and one cause of action for tortious interference with a marital contract. Buxó Santiago's Motion to Dismiss and Motion for Sanctions soon followed. Docket Nos. 7 and 12.

Case 3:19-cv-01639-CCC-MDM   Document 47   Filed 07/24/20   Page 8 of 17

*McMillan v.* Rodríguez Negrón                                                                                           8
Crim. No. 19-1639 (CCC)

### IV. The Court's Order granting the Motion to Dismiss and establishing the Law of the Case[1]

Co-defendant Buxó Santiago asserted in her Motion to Dismiss that the two causes of action in the Complaint based on the "Puerto Rico General Tort Statute" are inadequately pled, contain conclusory statements, and the facts alleged, to the extent there are any alleged, do not give rise to a cause of action. With respect to the one cause of action based on tortious interference with a marital contract, she asserted that it is based on a legal theory that has long since been rejected by the Puerto Rico Supreme Court as a valid cause of action. This Court, in its Order granting Buxó Santiago's Motion to Dismiss, agreed with both claims. Docket No. 28.

More specifically, with respect to the Plaintiff's claims under the General Tort Statute, the Court stated, in relevant part that,

> Buxó Santiago correctly notes that plaintiff does not provide any facts supporting a finding of "intimidation," "psychological violence" or "bullying," or that defendant Buxó Santiago provided "encouragement," "aid," or acted in "accord and concord" with defendant Rodríguez Negrón to harass plaintiff. While plaintiff states that a "pattern" of "persistent" acts took place, she does [not][2] identify any specific incident. Similarly, as to paragraph 3.6, plaintiff fails to set forth any fact supporting a finding that defendants have "taken away or arbitrarily

---

[1] "Under the law of the case doctrine, 'once a court decides an issue, the same issue may not be relitigated in subsequent proceedings in the same case.'" *Harte v. Board of Commissioners*, __ F.3d __, No. 18-3091, 2009 WL 4892274 at *7 (10th Cir. Oct. 4, 2019) (*Harte II*) (citation omitted). "[L]aw of the case is an amorphous concept," which "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983), decision supplemented, 466 U.S. 144 (1984).

[2] The original Order at Docket 28, page 3, does not include the word "not." It is clear from the context of the paragraph, however, that the word "not" should be inserted here.

Case 3:19-cv-01639-CCC-MDM Document 47 Filed 07/24/20 Page 9 of 17

*McMillan v.* Rodríguez Negrón 9
Crim. No. 19-1639 (CCC)

> limited" access to her property, or even what property is at issue. Plaintiff also fails to provide an example of any "communications, visits, scrutiny, [or] surveillance" that might constitute harassment or interference with the enjoyment of her property.

*Id.* at 3.

With respect to the Plaintiff's claim of interference with her marital contract and alienation of affections, the Court held that the Puerto Rico Supreme Court's holding in *Romero Soto v. Morales Laboy,* 134 D.P.R. 734 (1993) "is clear and dispositive: a wronged spouse may not bring an action for damages against an adulterer for harm to the marriage." *Id.* at 5. These findings by the Court now constitute the law of the case which the undersigned must consider in deciding the issue of sanctions under Rule 11.

V. **The Motion for Sanctions**

In support of her request that the Plaintiff and her attorney be sanctioned, Buxó Santiago argued that the Complaint in this case was filed for the improper purpose of "ensnar[ing] Ms. Buxó [Santiago] in the legal cases related to Ms. McMillan's dispute with her now former husband." Docket No. 12 at 5. Buxó Santiago posited that the Plaintiff "tried unsuccessfully to raise "adultery" as a cause of the dissolution [of her marriage], rather than her husband's claim of irreparable breakdown," and that because Plaintiff's efforts to have the Puerto Rico courts recognize her claim of adultery failed, she presented this case before this Court alleging alienation of affections. Docket No. 12 at 5. Buxó Santiago further claimed that when the Puerto Rico Trial Court and the Court of Appeals failed to rule in favor of Plaintiff as to the basis

Case 3:19-cv-01639-CCC-MDM   Document 47   Filed 07/24/20   Page 10 of 17

*McMillan v.* Rodríguez Negrón                                                                                    10
Crim. No. 19-1639 (CCC)

for the dissolution of her marriage,[3] Plaintiff filed an ethical complaint against Buxó Santiago with the Puerto Rico Supreme Court that was dismissed on January 2, 2019.[4]

In opposition to the Motion for Sanctions,[5] Plaintiff asserted, among other things, that the Complaint was *not* filed for an improper purpose, and that "latitude is appropriate in cases where it cannot reasonably be expected that the plaintiff, without the benefit of discovery, would have specific information about the events that give rise to her claim." Indeed, the Plaintiff went as far to imply that Buxó Santiago, not the Plaintiff, was in a better position to know of the underlying facts of this case. The Court found that same argument "unconvincing" in the Order on the Motion to Dismiss holding instead as to the causes of action under the Puerto Rico General Tort Statute that "if plaintiff ha[d] indeed experienced acts of intimidation, bullying, harassment and/or interference with her property, **she should be able to provide at least the bare factual outlines of these acts**." Docket No. 28 at 3 (emphasis added). It is perplexing to the Court that Plaintiff failed to identify even a single instance of the alleged misconduct by defendants.

With respect to the tortious interference with a marital contract claim, Plaintiff attempted to distinguish the *Romero Soto* decision by indicating that it involved the protection of minor children, whereas the case *sub judice* does not. The Court, in its order granting the Motion to Dismiss, found that argument also to be without merit because "[w]hile

---

[3] *See Nelson Rodríguez Negrón v. Suzanne McMillan*, 2018 PR App. LEXIS 3907 (December 21, 2018).
[4] The Court has no information regarding the content of the ethical complaint filed by the Plaintiff against Buxó Santiago. For that reason, the Court will disregard the claim that such a filing was frivolous *per se*.
[5] The Plaintiff clarified in his Omnibus Opposition to the Motion to Dismiss and Motion for Sanctions (Docket No. 16) that he was filing one opposition for both motions because the arguments overlap.

Case 3:19-cv-01639-CCC-MDM   Document 47   Filed 07/24/20   Page 11 of 17

*McMillan v.* Rodríguez Negrón                                                                 11
Crim. No. 19-1639 (CCC)

the need to protect minor children was a major factor in the Supreme Court's analysis in *Romero Soto*, many other factors were discussed and th[at] decision is not limited to cases where minor children are involved." Docket No. 28 at 5. Because the holding in *Romero Soto* is clear and dispositive, no reasonable claim lies under the alleged cause of action for alienation of affections.

## VI.  Sanctions in this Case

The Court now turns to the question of whether the Court should accede to Buxó Santiago's request to sanction the Plaintiff and her counsel for filing the Complaint in this case. Upon finding that Plaintiff's counsel has demonstrated a culpable carelessness in: pursuing an unfounded claim; filing a frivolous complaint, and filing a lawsuit for an improper purpose, this Court answers that question in the affirmative. *See Montoyo-Rivera v. Pall Life Sciences PR, LLC,* 245 F. Supp. 3d 337, 346-47 (2017). The Court explains.

### A.  Counsel failed in his duty to ensure that each of the causes of action included in the Complaint accurately reflect the existing status of the law in Puerto Rico

By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting or later advocating it–an attorney certifies that to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the claims defenses and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. *See* Fed.R.Civ.P. 11(b)(1). Here, plaintiff's counsel failed in his duty to certify that each of the causes of action included in the Complaint accurately reflect the existing status of the law in Puerto Rico.

Case 3:19-cv-01639-CCC-MDM   Document 47   Filed 07/24/20   Page 12 of 17

*McMillan v.* Rodríguez Negrón                                                                                                          12
Crim. No. 19-1639 (CCC)

More specifically, by including a cause of action against Buxó Santiago for tortious interference with a marital contract, counsel for the Plaintiff was, in effect, requesting relief to which the Plaintiff was not entitled and to which she had no legal right. Indeed, what is most egregious about including such cause of action in the Complaint is that it has been blackletter law in Puerto Rico for more than 25 years that a party who engages in adulterous contact with a married person may not be sued for damages caused to the marriage. And, as the Court has already held in this case, the holding in *Romero Soto v. Morales Laboy,* 134 D.P.R. 734 (1993) "is clear and dispositive," and any attempt to distinguish this case from *Romero Soto* by saying that that case involved the protection of minor children, whereas this case does not, is evidently nothing more than a frivolous attempt to extend, modify or reverse existing law. For these reasons, the Court finds that counsel should be sanctioned for pursing an unfounded claim.

### B. Counsel failed in his duty to ensure that the factual contentions in the Complaint have evidentiary support

By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting or later advocating it–an attorney also certifies that to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Here, the Court has already held that the Complaint failed to provide any facts supporting a finding of "intimidation," "psychological violence" or "bullying," or that defendant Buxó Santiago provided "encouragement," "aid," or acted in "accord and concord" with defendant Rodríguez Negrón to harass plaintiff. Furthermore, while plaintiff claimed that a "pattern" of

Case 3:19-cv-01639-CCC-MDM   Document 47   Filed 07/24/20   Page 13 of 17

*McMillan v.* Rodríguez Negrón
Crim. No. 19-1639 (CCC)
13

"persistent" acts took place, she failed to identify a single specific incident in support of her claim. She also failed to set forth any fact supporting a finding that defendants had "taken away or arbitrarily limited" access to her property, or even what property was at issue. And lastly, she failed to provide any examples of "communications, visits, scrutiny, [or] surveillance" that could possibly constitute harassment or interference with the enjoyment of her property. But the analysis does not end there.

The fact that the Court dismissed the causes of action under Puerto Rico's General Tort Statute *without prejudice* necessarily meant that Plaintiff was afforded the opportunity to amend the Complaint to include more, some, or any facts, relative to Buxó Santiago's purported tortious conduct. Instead of doing so, however, Plaintiff now seeks leave to file an amended Complaint (the "Amended Complaint"), which excludes Buxó Santiago from any wrongdoing in this case.

The Court finds this strategy most revealing. It demonstrates that Plaintiff never had the evidentiary support required to allege a violation of Puerto Rico's General Tort Statutes against Buxó Santiago. By having been included in the Complaint, Buxó-Santiago was forced to hire counsel and mount a defense to several causes of action that, for all intents and purposes, never get off the starting blocks. Indeed, they lacked any good faith basis. Such frivolous claims caused Buxó Santiago to incur in attorney's fees and costs that she would not have incurred absent Plaintiff's spurious allegations. The filing of such a frivolous complaint warrants sanctions under Rule 11.

### C.     **The Complaint was filed for an improper purpose**

Buxó Santiago also presented a compelling argument that the filing of the Complaint was done for an improper purpose. While the Court refrains from expressing any opinion as to the underlying

Case 3:19-cv-01639-CCC-MDM   Document 47   Filed 07/24/20   Page 14 of 17

*McMillan v.* Rodríguez Negrón
Crim. No. 19-1639 (CCC)
14

personal conduct of Buxó Santiago and Rodríguez Negrón, the filing a cause of action in federal court which is 1) patently inconsistent with the long established law in Puerto Rico, 2) is not supported by facts necessary to survive a motion to dismiss, and 3) is not amended to allege sufficient facts, when given the opportunity to do so, leads to only one conclusion–that the Complaint was filed for the improper purpose of harassing Buxó Santiago and seeking to cause her emotional and financial hardship for having engaged in an extramarital affair with Plaintiff's now former husband. In view of the foregoing, the Court finds that Counsel failed to make reasonable inquiry to determine whether the Complaint was well founded in fact, and even more important, whether the lawsuit was baseless as a matter of law. *See Unanue-Casal v Unanue-Casal*, 898 F.2d 839, 841-42 (1st Cir. 1990) (Rule 11 sanctions against counsel warranted for filing frivolous removal petition with "no plausible legal basis" and for "improper purpose").

The Court can neither allow nor promote the use of the federal court in such a way. Doing so would cause the gears of justice to seize up in a quagmire of frivolous litigation. The imposition of Rule 11 sanctions in this case "will remind plaintiff and [her] lawyer that the federal court system is not to be used to settle personal grudges and should deter them from engaging in similar conduct in the future." *Galanis v. Suzuki*, 841 F. Supp. 2d 456, 461 (D. Mass. 2011) (*see* string cite).

Rule 11 sanctions serve two main purposes, namely deterrence and compensation. *Navarro-Ayala v. Nuñez*, 968 F.2d 1421, 1426 (1st Cir. 1992). *See also*, *Anderson v. Beatrice Foods Co.*, 900 F.2d 388, 394 (1st Cir.), *cert. denied*, 498 U.S. 891, 111 S. Ct. 233, 112 L. Ed. 2d 193 (1990); *Brown v. Federation of State Medical Bds.*, 830 F.2d 1429, 1437–38; see also *Cooter & Gell*, 110 S. Ct. at 2454 ("the central purpose

Case 3:19-cv-01639-CCC-MDM   Document 47   Filed 07/24/20   Page 15 of 17

*McMillan v.* Rodríguez Negrón                                                                                     15
Crim. No. 19-1639 (CCC)

of Rule 11 is to deter baseless filings"). Encompassed within these objectives are several related subsidiary goals, e.g., punishing litigation abuse and facilitating case management. *See White v. General Motors Corp.*, 908 F.2d 675, 683 (10th Cir.1990) (citing American Bar Ass'n, Standards and Guidelines for Practice Under Rule 11 (1988). The Court may also, in its discretion, design a monetary sanction so that it compensates the public for the waste of judicial resources caused by an attorney's misconduct. *Shire LLC v. Abhai, LLC*, 298 F. Supp. 3d 303 (D. Mass. 2018); *Eisenberg v. Univ. of New Mexico*, 936 F.2d 1131, 1136-37 (10th Cir. 1991) (affirming district court's imposition of $250 Rule 11 sanction related "to excess court time expended in deciding the [frivolous] issue.").

There are good reasons for tying the monetary sanction to the costs that an attorney or litigant imposes on the Court, because "the judicial system of dispute resolution is not cost-free and those who abuse it through misconduct impose direct costs on the law abiding taxpayers who support it." *Shire*, 298 F. Supp. 3d at 334 (quoting *Specialized Plating, Inc. v. Federal Envtl. Serv., Inc.,* 975 F. Supp. 397, 398 (D. Mass. 1997) (basing $5,250.00 sanction on waste of three hours of the court's time). Most federal circuit courts agree that a litigant's filing of a frivolous lawsuit for an improper purpose constitutes bad faith and warrants sanction. *See Galanis*, 841 F. Supp. 2d at 460.

In this case, the Court finds that the conduct of the Plaintiff and her attorney constitutes "bad faith," and thus justifies both a sanction against the attorney who signed the Complaint, which is to be paid directly to the Court, but an award of reasonable attorneys' fees and expenses imposed against the Plaintiff. The sanction against the attorney will serve as a deterrent for future filings, while the award of reasonable attorneys' fees and expenses against the Plaintiff will help

Case 3:19-cv-01639-CCC-MDM   Document 47   Filed 07/24/20   Page 16 of 17

*McMillan v.* Rodríguez Negrón  16
Crim. No. 19-1639 (CCC)

defray the costs incurred by Buxó Santiago in having to defend against this frivolous action.

Based on the foregoing, the Court hereby imposes a sanction in the amount of $1,500.00 against Plaintiff's counsel, Nelson N. Córdova Morales, which shall be paid directly to the Clerk of the Court within thirty (30) days of the entry of this Order, or on or before August 26, 2020. Meanwhile, defendant Buxó Santiago is Ordered to submit a motion within thirty (30) days detailing her reasonable attorney's fees and costs incurred in the defense of this frivolous cause of action. Once the Court reviews defendant Buxó Santiago's submission, the Court will determine an appropriate sanction for reasonable attorney's fees and costs that are to be paid by the Plaintiff to defendant Buxó Santiago.

## VII.  Conclusion

Based on the foregoing, Defendant Buxó Santiago's Motion for Sanctions (Docket No. 12) is hereby **GRANTED**.

Furthermore:

1. Attorney Nelson N. Córdova Morales is **ORDERED** to pay to the Clerk of the Court, within thirty days of the entry of this order, or on or before August 26, 2020, the amount of $1,500.00 as a sanction under Rule 11 of the Federal Rules of Civil Procedure;

2. Plaintiff is **ORDERED** to pay to defendant Buxó Santiago a sanction under Rule 11 equal to the amount of reasonable attorney's fees and costs she incurred in having to defend herself against the Complaint; and

3. Defendant Buxó Santiago is **ORDERED** to file within thirty (30) days of the entry of this Order an accounting of her reasonable attorney's fees and costs incurred in having to defend herself against the Complaint.

Case 3:19-cv-01639-CCC-MDM Document 47 Filed 07/24/20 Page 17 of 17

*McMillan v.* Rodríguez Negrón 17
Crim. No. 19-1639 (CCC)

Once the Court receives defendant Buxó Santago's accounting of reasonable attorney's fees and costs, the Court will then issue a separate Order setting the exact amount of the sanction that Plaintiff is to pay to Buxó Santiago.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of July 2020.

*s/ Marshal D. Morgan*
MARSHAL D. MORGAN
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO