IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**SUZANNE MARIE MCMILLAN,**

**Plaintiffs,**

v.

**NELSON A. RODRIGUEZ, et al.,**

**Defendants.**

CIVIL NO. 19-1639 (CCC)

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is codefendant Zoraida Buxó's ("Ms. Buxó") Motion for Sanctions against Plaintiff McMillan ("Ms. McMillan" or "Plaintiff"). (Docket No. 12). The Court referred Ms. Buxó's motion to Magistrate Judge Marshal D. Morgan for disposition. (Docket No. 29). Judge Morgan issued an elaborate and well-reasoned Opinion and Order, concluding that Ms. Buxó's Motion should be granted. (Docket No. 47). This Court, however, changed Judge Morgan's Opinion and Order to a Report and Recommendation after Ms. McMillan questioned the authority of a Magistrate Judge to impose sanctions upon her.[1] (Docket No. 48). Ms. McMillan also disagreed with Judge Morgan's findings by timely objecting to his Report. (Docket No. 54). Ms. Buxó opposed Ms. McMillan's Objections to Judge Morgan's Report. (Docket No. 57).

Upon *de novo* review, the Court has examined Judge Morgan's Report and Recommendation, as well as Plaintiff's objections thereto. The undersigned is in full accord with Judge Morgan's *ratio decidendi* and recommendation to sanction Ms. McMillan and her attorney. Ms. McMillan's efforts to object to Judge Morgan's Report and Recommendation are unavailing.

---

[1] The Court will like to clarify that this change does not mean: (1) that the Court agreed with Ms. McMillan's argument; (2) that this Court ruled that a Magistrate Judge cannot dispose of a Motion for Sanctions *via* referral.

**Case No. 19-1639 (CCC)**

Her request to remand the Report and Recommendation back to Judge Morgan so that he may clarify the standard of proof is nonsensical. (Docket No. 54 at 5). Further on, her attempt to justify that her case is not frivolous is contrary to this Court's interpretation of the law in this case. This Court has previously expressed its opinion regarding the lack of merits of Ms. McMillan's claims against Ms. Buxó. See Docket No. 28. Accordingly, the Court agrees with Judge Morgan that Ms. McMillan's complaint against Ms. Buxó was frivolous and had an improper purpose.

In other matters, Ms. Buxó's Opposition urges the Court to eliminate from the public record Judge Morgan's recollection of facts. She argues that Judge Morgan inadvertently suggests that the embarrassing allegations made by Ms. McMillan's complaint against her are true. (Docket No. 57 at 19). The Court will take this opportunity to clarify Ms. Buxó's concern.

First, the Court will like to clarify that Judge Morgan does not intend to harm Ms. Buxó in his recollection of this case's facts. His Opinion and Order simply reinstates the facts that were made by Ms. McMillan in her complaint. (Docket No. 47 at 6). Judge Morgan's actions do not demonstrate anything else than the utmost transparency of his application of the law to the case's facts. Since Judge Morgan's discussion of the facts is vital for the clarity and transparency of the record, the Court will not eliminate such facts from the record or from Judge Morgan's Opinion and Order.

Second, the Court would like to warn the public, and the people who read this case's record, that although the Court is required, at these stage of the proceedings, to accept as true the facts that are pleaded in the complaint against Ms. Buxó,[2] this does not necessarily mean that the allegations

---

[2] This Court was required to accept as true the factual allegations made by Ms. McMillan's complaint in its previous Opinion and Order dismissing the case because it is required by the FED. R. CIV. P. 12(b)(6) standard of review. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) ("Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible"). Further on, Judge Morgan only narrated the complaint's facts to demonstrate that Ms. McMillan's claims against Ms. Buxó were frivolous as the case's facts did not state a claim.

**Case No. 19-1639 (CCC)**

made against Ms. Buxó are *de facto* right or true. These facts have not been proven in a trial to be regarded as factual truth by both parties.

In conclusion, the Court **ADOPTS** Judge Morgan's Report and Recommendation in its entirety. As such, Ms. Buxó's Motion for Sanctions is **GRANTED**. (Docket No. 12). Ms. McMillan and her attorney will be subject to the sanctions recommended by Judge Morgan in its Opinion and Order. (Docket No. 47 at 16-17). Additionally, Ms. Buxó shall file a detailed accounting of her reasonable attorney's fees and costs within (14) fourteen days of the entry of this Order.

**SO ORDERED.**

In San Juan, Puerto Rico this 23rd day of October 2020.

*s/Gustavo A. Gelpí*
GUSTAVO A. GELPI
Chief United States District Judge