# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SUZANNE MARIE MCMILLAN,<br>Plaintiff,<br><br>v.<br><br>NELSON A. RODRIGUEZ, et al.,<br>Defendants. | CIV. NO. 19-1639 (CCC) |

## REPORT AND RECOMMENDATION

On July 3, 2019, Plaintiff Suzanne M. McMillan, a.k.a. Suzanne M. Rodríguez ("Plaintiff"), filed a diversity action against her ex-husband, Nelson A. Rodríguez Negrón ("Rodríguez Negrón"), and his supposed paramour, Zoraida Buxó Santiago ("Buxó Santiago), alleging three causes of action, including two claims under "Puerto Rico's General Tort Statute" for engaging in 1) a "pattern of emotional intimidation and psychological violence," and 2) threats and surveillance that denied Plaintiff access to her property, and a third claim alleging that Buxó Santiago willfully interfered with Plaintiff's marital contract, thus causing alienation of affections between her and her husband (the "Complaint"). Docket No. 1.

On September 16, 2019, Buxó Santiago filed a Motion to Dismiss the Complaint, in part, because the Puerto Rico Supreme Court held more than 25 years ago that a party who engages in adulterous contact with a married person may not be sued for damages to the marriage. (Docket No. 7). *Romero Soto v. Morales Laboy,* 134 D.P.R. 734 (1993). On October 8, 2019, after providing the necessary notification to Plaintiff's counsel under the 21-day Safe Harbor provision of Rule 11(c)(2) of the Federal Rules of Civil Procedure, Buxó Santiago filed a

Motion for Sanctions. (Docket No. 12). On October 23, 2019, Plaintiff filed an Omnibus Response in Opposition to the Motion to Dismiss (Docket No. 7) and the Motion for Sanctions. (Docket No. 16.)

On January 23, 2020, the Court granted the Motion to Dismiss as to all causes of action against Buxó Santiago. On April 22, 2020, the Court clarified its Order granting the Motion to Dismiss by stating that the cause of action alleging tortious interference with a marital contract and alienation of affections is dismissed *with* prejudice, while all remaining causes of action under Puerto Rico's General Tort Statute are dismissed *without* prejudice.

On May 20, 2020, after providing the necessary notification to Plaintiff's counsel under the 21-day Safe Harbor provision of Rule 11(c)(2) of the Federal Rules of Civil Procedure, co-defendant Rodríguez Negrón also filed a Motion for Sanctions and a Motion to dismiss under Fed. R. Civ. P. 12(b)(6). (Docket No. 39).[1] Plaintiff filed an opposition thereto.

On July 24, 2020, the Court entered a Report and Recommendation granting co-defendant Buxó Santiago's Motion for Sanctions under Rule 11. (Docket No. 47). On August 10, 2020, Plaintiff filed objections to the Report and Recommendation and co-defendant Buxó Santiago replied thereto. On October 23, 2020, Chief Judge Gelpí issued an Order adopting in its entirety the Report and Recommendation entered by the undersigned. (Docket No. 70).

Now, before the Court is co-defendant Rodríguez Negrón's similar motion for sanctions under Rule 11, which is premised under analogous reasons as those argued by co-defendant Buxó Santiago in her Motion for Sanctions against Plaintiff and her counsel, namely, misconduct in

---

[1] The Motion to dismiss was deemed as moot at Docket No. 52 and an amended complaint has since been filed. A counterclaim has also been filed.

presenting the suit, lack of factual matter and legal basis to uphold the causes of action asserted in the complaint, and filing the complaint for an improper purpose. The Court thus turns to the question of whether it should accede to Rodríguez Negrón's request to sanction the Plaintiff and her counsel for filing the Complaint (Docket No. 1) in this case. Having already found that Plaintiff's counsel has demonstrated a culpable carelessness in: pursuing an unfounded claim; filing a frivolous complaint a lacking legal and factual basis, and filing a lawsuit for an improper purpose, this Court once more answers that question in the affirmative. *See Montoyo-Rivera v. Pall Life Sciences PR, LLC,* 245 F. Supp. 3d 337, 346-47 (2017).

For brevity purposes, the Court hereby adopts the reasons espoused more thoroughly in the Court's Report and Recommendation at Docket No. 47 and **GRANTS** Rodríguez Negrón's Motion for Sanctions under Rule 11. (Docket No. 39).

### III. Conclusion

Based on the foregoing, Rodríguez Negrón's Motion for Sanctions (Docket No. 39) is hereby **GRANTED**. Sanctions are granted as follows:

1. Attorney Nelson N. Córdova Morales has previously been **ORDERED** to pay to the Clerk of the Court the amount of $1,500.00 as a sanction under Rule 11 of the Federal Rules of Civil Procedure. As such, no further sanction under Rule 11 will be imposed at this time;

2. Plaintiff is **ORDERED** to pay to defendant Rodríguez Negrón a sanction under Rule 11 equal to the amount of reasonable attorney's fees and costs incurred in having to defend against the original Complaint.

Defendant Rodríguez Negrón, meanwhile, is **ORDERED** to file within thirty (30) days of the entry of this Order an accounting of his

reasonable attorney's fees and costs incurred in having to defend against the original Complaint. Once the Court receives defendant Rodríguez Negrón's accounting of reasonable attorney's fees and costs, the Court will then indicate the exact amount of the sanction that Plaintiff is to pay to Rodríguez Negrón.

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 12th day of November 2020.

> ***s/ Marshal D. Morgan*** 
> MARSHAL D. MORGAN
> UNITED STATES MAGISTRATE JUDGE
> DISTRICT OF PUERTO RICO